IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KEVIN BROWN,
ADC #133891                                                                                         PLAINTIFF

V.                          CASE NO. 3:15-CV-24 DPM/BD

LARRY MILLS, JOEY MARTIN, and
TRISH MARSHALL                                                                                  DEFENDANTS

## RECOMMENDED DISPOSITION

**I.    Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  The Clerk of Court will furnish a copy of your objections to the opposing parties.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.  By not objecting, you may waive your rights to appeal.

Mail all objections to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## II. Discussion:

Kevin Brown, an inmate housed at the Poinsett County Detention Center ("Detention Center"), filed this lawsuit pro se under 42 U.S.C. § 1983. He alleges that the Defendants denied him access to a law library and even to law books kept at the Detention Center. Unfortunately for Mr. Brown, these facts do not state a federal claim to relief.

An allegation that prison officials impeded access to the law books, standing alone, does not amount to a constitutional violation. Instead, the prisoner must show that a defendant kept him from litigating a claim and, by this misconduct, caused the prisoner to suffer an actual injury. *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). To show an actual injury, the prisoner must show that a non-frivolous legal claim was "frustrated or . . . impeded." *Id*. Here, Mr. Brown has not alleged any actual injury to support this constitutional claim.

## III. Conclusion:

The Court recommends that Mr. Brown's claims be DISMISSED, without prejudice, and that the Court certify that an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

DATED this 27th day of January, 2015.

_____
UNITED STATES MAGISTRATE JUDGE